IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA FITZSIMMONS,

    Plaintiff,

v.                                                                                                  Civ. No. 18-69 KG/GJF

THOMAS STEWART, and
STEWART INDUSTRIES INTERNATIONAL
ROSWELL LLC,

    Defendants.
_____                      CONSOLIDATED WITH

ANDREA FITZSIMMONS,

    Plaintiff,

v.                                                                                                  Civ. No. 20-226 KG/GJF

STEWART INDUSTRIES
INTERNATIONAL ROSWELL LLC,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This is a sex discrimination and unequal pay lawsuit. Plaintiff filed the instant "Plaintiff's Motion and Memorandum for Attorney's Fees and Costs" (Motion) on February 27, 2020. (Doc. 77). Neither Defendant Thomas Stewart nor Defendant Stewart Industries International Roswell LLC responded to the Motion. Having reviewed the Motion and its accompanying affidavit by Plaintiff's attorney, Wayne Suggett, the Court grants the Motion in part as described below.

*I. The Affidavit of Wayne R. Suggett (Docs. 77-1 and 77-2)*

Suggett attests that his time entries reflect only the work he did in "successfully prosecuting Count I against Defendant Thomas Stewart."[1] (Doc. 77-1) at ¶ 1.  Suggett also attests that he removed time reflecting "office overhead." *Id.*  Finally, Suggett attests that he "removed time entries related to Judge Fouratt's order to show cause [Doc. 64] where attorney fees were awarded and paid." (Doc. 77-1) at ¶ 2.  Given the above limits on time entries, Suggett attests that he worked a total of 78.7 hours with respect to the prosecution of Count I against Defendant Stewart.  (Doc. 77-2) at 7.  To prove those hours, Suggett submitted a "summary of contemporaneous time records." (Doc. 77-1) at ¶ 1.

In addition, Suggett seeks a $270.00 hourly rate.  *Id.* at ¶ 4.  To support the reasonableness of that hourly rate, Suggett attests that he has practiced employment law for the last 25 years.  *Id.* at ¶ 5.  Suggett further concludes that this is a reasonable rate after "speaking with other practitioners in the Albuquerque area, and reviewing fee petitions on this Court's electronic research system…." *Id.* at ¶ 6.

Considering the 78.7 hours expended on prosecuting Count I against Defendant Stewart and a $270.00 hourly rate, Suggett seeks a total of $21,249.00 in attorney's fees, plus the applicable gross receipts tax.  (Doc. 77-2) at 7.  Lastly, Suggett seeks to recover the $400.00 fee incurred in filing the complaint in Civ. No. 18-59 KG/GJF.  (Doc. 77) at 4.

---

[1] Having granted a motion for partial summary judgment as to the Count I claims brought against Defendant Stewart and having granted Plaintiff's motion to voluntarily dismiss the Count II claims against Defendant Stewart, the only other count against Defendant Stewart, the Court entered a final judgment in favor of Plaintiff and against Defendant Stewart on February 13, 2020.  *See* (Doc. 75).  On July 14, 2020, the Court entered a final judgment in favor of Plaintiff and against the remaining Defendant, Stewart Industries International Roswell LLC.  (Doc. 85).

II. *Discussion*

    A. *Reasonable Attorney's Fees*

Plaintiff correctly maintains that she is entitled to reasonable attorney's fees as the prevailing or successful party under various federal and state employment statutes. *See* (Doc. 77) at 2. "To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). To arrive at a lodestar amount, the court "multipl[ies] the hours … counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (citation omitted). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* (citation omitted).

Having reviewed Suggett's "summary of contemporaneous time records," the Court determines Plaintiff has established that Suggett reasonably spent 78.7 hours prosecuting Count I against Defendant Stewart. *See* (Doc. 77-1) at ¶ 1; (Doc. 77-2). The Court further concludes that Plaintiff has established that $270.00 per hour is a reasonable hourly rate. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) ("party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'" (citation omitted)). The Court notes that in 2018 it observed that it "has previously stated that $200.00 per hour is a 'relatively low rate' for attorneys in New Mexico." *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1087 n.14 (D.N.M. 2018). In fact, awards of hourly rates of $275.00 and higher are not

atypical in this District for attorneys with 11 years or more of legal experience.  *See id.* (summarizing awards of attorney rates in District of New Mexico)*; see also Rehburg v. Bob Hubbard Horse Transportation, Inc.,* 2019 WL 5653958, at *2 n.1 (D.N.M.) (same).

Applying the lodestar method to the above determinations, the Court will enter a judgment awarding Plaintiff the following reasonable attorney's fees:  $21,249.00 (78.7 hours x $270.00), plus the applicable gross receipts tax.

   *B. Costs*

Federal Rule of Civil Procedure 54(d) distinguishes between taxable costs "allowed to the prevailing party," which the Clerk determines, and "nontaxable expenses" which an attorney can claim by filing a motion before the Court.  Local Rule 54.1 provides that "[a] motion to tax costs must be filed and served on each party within thirty (30) days of entry of judgment" while 28 U.S.C. § 1920 defines taxable costs to include, for instance, "[f]ees of the clerk…."[2]

Here, the $400.00 fee for filing the complaint is a taxable cost.  *See Nevada Prop. 1, LLC v. Kiwibank Ltd.*, 2020 WL 5633048, at *3 (D. Nev.) (stating that "[f]iling fees … are taxable costs"); *Baca*, 2014 WL 12650989 at *2, n.2 (concluding that "Section 1920(1) clearly allows the court filing fee to be recovered as a taxable cost and its omission in D.N.M. LR-Civ. 54.2 does not preclude recovery").  Plaintiff, however, did not present that taxable cost to the Clerk in a motion to tax costs as required by Rule 54(d)(1) and Local Rule 54.1.  Nonetheless, since Plaintiff requested the above taxable cost within the time frame provided in Local Rule 54.1, the Court will allow Plaintiff to file a motion to tax costs with the Clerk to recover the $400.00 filing fee.

---

[2] Local Rule 54.2, which lists specific taxable costs, supplements the more general taxable costs set forth in Section 1920.  *See Baca v. Berry,* 2014 WL 12650989, at *2, n.2 (D.N.M.) (noting that Tenth Circuit appears to recognize Local Rule 54.2 does not limit court's authority under Section 1920).

IT IS ORDERED that Plaintiff's Motion and Memorandum for Attorney's Fees and Costs (Doc. 77) is granted in part in that

1. the Court will enter a judgment awarding Plaintiff $21,249.00 in reasonable attorney's fees, plus the applicable gross receipts tax, to be recovered from Defendant Thomas Stewart; and

2. Plaintiff has 14 days from the date of the entry of this Memorandum Opinion and Order to file a motion to tax costs with the Clerk to recover the $400.00 filing fee.

_____
UNITED STATES DISTRICT JUDGE